**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL NORMAN THORNHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24 C 50327 |
| | ) | |
| TROOPER KANE VANBRIESEN, | ) | Judge Rebecca R. Pallmeyer |
| SERGEANT MATTHEW GENDUSA, | ) | |
| MASTER SERGEANT NICHOLAS COLON, | ) | |
| TROOPER PHILLIP McGILL, and | ) | |
| SERGEANT SAMUEL GENDUSA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On January 25, 2024, *pro se* Plaintiff Michael Norman Thornhill was pulled over by a police officer. After additional officers arrived on the scene, they allegedly tasered, assaulted, and arrested Thornhill, forcing him to spend the night in the Ogle County Jail. Later, on July 31, 2024, Mr. Thornhill attempted to file court documents, and was again allegedly assaulted and arrested by officers. In this lawsuit, purportedly brought under 42 U.S.C. § 1983, Thornhill alleges that Defendant Officers' actions ran afoul of the Fourth, Eighth, and Fourteenth Amendments. Thornhill's Fourth Amended Complaint—the operative complaint in this matter—is difficult to decipher: while it names five officers as Defendants, it does not specify which officer was involved in which incident, rendering it impossible for Defendants to respond to the accusations. Accordingly, the complaint is dismissed for failure to give adequate notice pursuant to FED. R. CIV. P. 8(a).

## BACKGROUND

### I. Factual Background

The events giving rise to this lawsuit appear to have resulted from two separate encounters with Illinois police officers: the first was a traffic stop on January 25, 2024, and the

second was an altercation in a courthouse on July 31, 2024. In the paragraphs below, the court endeavors to faithfully describe the factual allegations in Thornhill's most recent complaint, though that complaint is cryptic, vague, and includes allegations that are inconsistent with one another.

First, on January 25, 2024, Plaintiff was "driving westbound on I-88 when he noticed he was being tailed by a state trooper to a family residence." (Fourth Amended Complaint ("FAC") [38] ¶ 5.) Thornhill exited the highway, pulled into a private driveway, and "exited his car." (Id. ¶ 6.) According to the complaint, an unnamed "trooper" subsequently "activated lights and instructed Plaintiff to remain in the vehicle"—it is not clear why the officer so ordered, given that Thornhill was allegedly already out of his car. (Id. ¶ 6.) Regardless, Thornhill alleges he "complied" with the officer's orders (suggesting he returned to the vehicle) and requested the officer's name and badge number. (Id. ¶ 7.) The officer refused to provide such information, and ordered Thornhill to step out of the vehicle. (Id. ¶ 8.) Thornhill, who claims he was in "fear[] for his life," requested a supervisor, and evidently did not exit the vehicle. (Id.) In response, the unnamed officer sprayed mace in Thornhill's face "without justification." (Id.)

Soon thereafter, an individual named as "Master Sergeant Colon" arrived on the scene, as did a group of "other officers." (Id. ¶ 9.) This group of "other officers"—none of whom are identified in the complaint—broke Thornhill's car windows, forcibly removed him from the vehicle, tasered him, and caused "glass injuries and blunt force trauma." (Id.) Thornhill alleges he requested medical aid, but these requests were denied "for over an hour." (Id. ¶ 10.) Thornhill was subsequently arrested and held in the Ogle County Jail for roughly 24 hours. (Id. ¶ 11.) He alleges he was later "compelled to appear in court for a criminal traffic matter"; he does not say whether the "traffic matter" is related to the traffic stop of January 25.

Second, Thornhill vaguely alleges that on July 31, 2024, he attempted to "file documents at the Clerk's Office," and was subsequently assaulted, arrested, and imprisoned by a group of unidentified police officers. (Id. ¶ 13.) Thornhill provides no additional detail on this altercation: he does not describe what these "documents" are, does not identify which Defendant Officers

were involved in this encounter, does not provide the name of the court where the "Clerk's Office" was located, and does not explain what relationship, if any, his encounter in the courthouse has to the January 25, 2024 episode.

## II.      Procedural Background

This lawsuit resulted.  Thornhill filed his initial *pro se* Complaint [1] in this court on August 1, 2024, alleging facts similar (but not identical) to those described above—he alleges he was "traveling in a manner that . . . is his/her natural right as a living person," when he was pulled over, assaulted, and detained by police officers. (Compl. [1] ¶¶ 4–10.)  The only named Defendant was the United States; Thornhill claimed the United States was liable for $100 million in damages under the Federal Tort Claims Act ("FTCA") for the actions of the state officers. (*See* Compl. [1].) Because the United States is not liable under the FTCA for actions of state employees, the court dismissed this complaint without prejudice.  (Minute Order [4].)  On August 14, 2024, Thornhill filed a First Amended Complaint [5].  This time, he named a state court judge and state court clerk as Defendants, and described an apparently unrelated incident in January 2024 in which Thornhill observed state court proceedings, "formally challenged the jurisdiction of the court and entered a valid ecclesiastical deed poll on the record," and was subsequently arrested.  (First Amended Compl. [5] ¶¶ 10–11.)  For obvious reasons, the court dismissed that complaint *sua sponte*, but gave Thornhill "one final opportunity to file an amended complaint" that states a valid claim under § 1983.  (*See* Minute Order [6].)  Plaintiff proceeded to file a Second Amended Complaint [7] on September 5, 2024—this document includes allegations relating to both the traffic stop and courthouse arrest.

On September 30, 2024, Plaintiff filed—without seeking leave of court—a Third Amended Complaint [9], which is materially identical to the prior iteration.  After the court noted that it appeared Plaintiff had erroneously named the wrong police officer (Matthew Gendusa, instead of Samuel Gendusa) as a Defendant (Minute Order [26]), Thornhill requested leave to file yet another amended complaint; the court entered and continued that motion, and directed Thornhill

3

to supplement the motion with his proposed amended complaint (his fourth) within 7 days. When Thornhill failed to abide by this order, the court noted that his "earlier complaint stands." (Minute Order [31].) On July 16, 2025, Defendant Samuel Gendusa moved to dismiss [36] that Third Amended Complaint. In response, Thornhill filed—again without seeking prior leave of court—a Fourth Amended Complaint [38]; the court accepted this complaint in a telephone status hearing in which Thornhill failed to appear. (Minute Entry [41].) The court understands this to be the operative complaint in this case.

Defendants Kane Vanbriesen and Samuel Gendusa moved to dismiss [42, 46] for failure to adhere to federal pleading standards and for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 8, 12(b)(6). Defendants Matthew Gendusa, Nicholas Colon, and Phillip McGill subsequently joined Defendant Vanbriesen's motion [59, 65]. Plaintiff opposed [48, 49], and Defendants replied [50, 54]. The motion is now fully briefed.

## DISCUSSION

The court notes initially that many of Thornhill's legal arguments appear to be similar to those made by so-called "sovereign citizens," individuals who believe themselves to be "sovereigns" exempt from the requirements of state and federal law. For example, in past filings in this case, Thornhill (1) stated that he is "unencumbered by the constraints of commercial and legal jurisdiction" (Compl. [1] ¶ 7), (2) asserted he resisted police officers due to "what Plaintiff believes to be unlawful commerce and contract with the officers" (*id.* ¶ 6), and (3) attempted to sue a state judge for exercising jurisdiction despite Thornhill's "ecclesiastical" objections (First Amended Compl. [5] ¶¶ 11–12). The court will not comment further on these arguments beyond observing that the "bizarre" sovereign citizen theory has "no conceivable validity in American law," *United States v. Jonassen*, 759 F.3d 653, 657 n.2 (7th Cir. 2014), and has uniformly been rejected by courts in this circuit. *Bey v. State*, 847 F.3d 559 (7th Cir. 2017) (referring to sovereign-citizen suits as "frivolous" and sanctionable); *see also United States v. Jones*, 65 F.4th 926, 930 (7th Cir. 2023); *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 750–51 (7th Cir. 2013). Mr. Thornhill is

4

reminded that these arguments are based on a misunderstanding of the common law and have no legal validity, and is encouraged to view the court's online *pro se* resources for help with future filings.[1]

In his most recent complaint, Thornhill appears to have abandoned any sovereign citizen arguments,[2] but the resulting document is a barebones, borderline indecipherable complaint that cannot proceed in federal court. Under FED. R. CIV. P. 8(a)(2), a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2009).

Thornhill's complaint does not meet this standard. In just a handful of sentences, it alleges that *some* officers were involved in two separate altercations that allegedly ran afoul of the Constitution—but it does not say *which* officers were involved in *which* incident. The court assumes that the five officers named as Defendants were involved in some capacity, but because the complaint fails to ascribe wrongful acts to any Defendant, it is impossible for Defendants (or the court) to analyze and respond to the allegations. It also fails to state a claim, as personal involvement is a necessary prerequisite to an officer's personal liability in cases brought under § 1983. *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022). Far from alleging personal involvement, the name of only one Defendant (Master Sergeant Colon) is mentioned in the body of the operative complaint, and that reference does not accuse him of doing anything

---

[1] The court's *pro se* resources are available on the court website, located at https://www.ilnd.uscourts.gov/LandingPage.php?page=pro_se.

[2] In the operative complaint, Thornhill does attempt to bring a claim under the Universal Declaration of Human Rights, but such a document does not confer legal obligations and cannot be the basis for a lawsuit in the courts of the United States. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004) (explaining the Universal Declaration of Human Rights does not "create obligations enforceable in the federal courts"). This claim is dismissed with prejudice.

unlawful. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption," the court will dismiss claims against that defendant. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Because each "defendant is entitled to know what he or she did that is asserted to be wrongful," *see Bank of Am., N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013), the complaint, as currently written, is stricken. *See Srivastava v. Daniels*, 409 F. App'x. 953, 955 (7th Cir. 2011) (noting that dismissal is appropriate "if the factual detail . . . is so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8" (cleaned up)).

The court will grant Mr. Thornhill one final opportunity to file an amended complaint in this matter. This document should consist of numbered paragraphs that allege, with detail, the factual allegations that Thornhill intends to raise in this case. These paragraphs must identify, with specificity, the role of each specific Defendant in the encounter, and state how that Defendant violated Thornhill's rights.

### CONCLUSION

Defendants' motions to dismiss [36, 42] are granted. Plaintiff's "Petition for Denial of All Motions to Dismiss" [67] is denied. Plaintiff's claim under the Universal Declaration of Human Rights is dismissed with prejudice, but his constitutional tort claims are dismissed without prejudice. Plaintiff has leave to file, within 21 days, an amended complaint that adheres to federal pleading standards. He is encouraged to consult the court's *pro se* help desk in preparing his amended complaint. https://www.ilnd.uscourts.gov/_assets/_documents/Hibbler.pdf.

ENTER:

Dated: March 19, 2026

_____
REBECCA R. PALLMEYER
United States District Judge

6